UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **YOLANDA ANDOLSEK** | : | |
| 29236 Eddy Road | : | |
| Willoughby Hills, 44092 | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | |
| **ROCKET MORTGAGE LLC** | : | |
| as successor in interest to | : | |
| **NATIONSTAR MORTGAGE LLC** | : | |
| **dba RUSHMORE SERVICING** | : | |
| 1050 Woodward Avenue | : | |
| Detroit, MI 48226 | : | COMPLAINT |
| DEFENDANT | : | |
| | : | |
| and | : | |
| | : | |
| **U.S. BANK TRUST COMPANY,** | : | |
| **NATIONAL ASSOCIATION as Trustee for** | : | |
| **GS Mortgage-Backed Securities Trust 2020 RPL1** | | |
| 800 Nicollet Mall | : | |
| St. Paul, MN 55402 | : | |
| DEFENDANT | : | |

**JURISDICTION**

Jurisdiction arises under: 28 U.S. Code § 1331 where based on a federal question rising out of the Real Estate Settlement Practices Act,12 U.S.C. 2605; and 28 U.S. Code. § 1332 as based on diversity of citizenship and an amount in controversy more than $75,000, and 28 U.S. Code § 1367, as based on pendent jurisdiction of related state law claims.

COMPLAINT OVERVIEW

Count One alleges diversity jurisdiction wherein a residential mortgage is enforced against Plaintiff where the alleged Defendant owner of the Note does not hold the Note and therefore is not entitled to payments on the Note under Ohio law, to the harm of Plaintiff.

Count Two alleges federal subject matter jurisdiction where the former servicer of the Loan had, against the terms of the Note, mis-allocated payments designated by Plaintiff for payment of principal arrearages by sequestering the funds in an escrow account where they remained until returned to Plaintiff by force of federal law, and when Plaintiff raised the misallocation for correction under 12 U.S.C. 2605(e) to the present Defendant servicer of the Loan by a qualified written request, the servicer failed to make a reasonable investigation or correct Plaintiff's account, to harm of Plaintiff.

Count Three alleges that the former and present servicer of the Loan, against the terms of the Note, misallocated payments the Plaintiff had designated for prepayment of the principal on the Loan to payment of penalty charges, which penalty charges were improperly assessed because of Plaintiff's active bankruptcy and also because the penalty charges had been incorrectly assessed, and also because the amount of the assessments violated the terms of the Note, and when Plaintiff raised the issue by a qualified written request under 12 U.S.C. 2605(e), Defendant servicer failed to conduct a reasonable investigation of the issue or to correct the Plaintiff's account, to the harm of Plaintiff.

Count Four alleges that the present Defendant servicer, against the terms of the Mortgage, misallocated payments designated by Plaintiff for prepayment of the principal on the Loan to lender paid expenses, and when Plaintiff raised the issue by a qualified written request under 12 U.S.C. 2605(e), Defendant servicer failed to conduct a reasonable investigation of the issue or to correct the Plaintiff's account, to the harm of Plaintiff.

## COUNT ONE
DECLARATORY JUDGMENT AGAINST DEFENDANT U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION,  AS DELAWARE TRUSTEE OF GS MORTGAGE-BACKED SECURITIES TRUST 2020-RPL1,  AS TO OWNERSHIP OF THE NOTE AND PLAINTIFF'S FORMER AND PRESENT OBLIGATIONS ON THE NOTE

1.) Plaintiff Yolanda Andolsek  executed a Note in favor of Metropolitan Bank and Trust Co. on June 26, 2000, to finance the purchase of an Ohio residence.

2.)  The balance on the Note exceeds $100,000.

3.)  The Defendant  U.S. Bank Trust Company, National Association as Trustee is located in Minnesota, and the owner Trust in Delaware.

4.) On March 27, 2015, Bank of America, N.A. the then-servicer of the Note, provided a copy of the Note to Plaintiff wherein the Note was endorsed to Countrywide Home Loans Inc. on July 18, 2000, and wherein the Note was subsequently endorsed in blank undated.

5.)  This blank endorsement converted the Note to a bearer note.

6.). Defendant Nationstar Mortgage LLC, dba Rushmore Servicing presently collects all amounts payable on the Note on behalf of the owner of the Note.

7.). Nationstar Mortgage LLC, dba Rushmore Servicing wrote as servicer of the Note on September 30, 2025 that U.S. Bank Trust Company, National Association (fka U.S. Bank , N.A.) solely as Delaware Trustee of GS Mortgage-Backed Securities Trust 2020-RPL1 is the current owner of the Note; Defendant Rocket Mortgage LLC, main office in Michigan, is by merger since February 5, 2026, successor in interest to Nationstar Mortgage LLC, dba Rushmore Servicing

8.) On November 25, 2025, Nationstar Mortgage LLC, dba Rushmore Servicing,  wrote as servicer of the Note that Defendant U.S. Bank Trust Company, National Association, as Delaware trustee of GS Mortgage-Backed Securities Trust 2020-RPL1, (hereafter USBTC), was the owner of the Note.

9.)  On information and belief,  U.S. Bank Trust Company, National Association, individually or as trustee of the trust, is not in possession of the Note.

10.) Absent possession of the Note, under Ohio negotiable instrument law, U.S. Bank Trust Company, National Association, had and has a questionable right to enforce the Note against the Plaintiff, to the harm of Plaintiff.

11.) Wherefore Plaintiff seeks a declaration of the rights of U.S. Bank Trust Company, National Association as Trustee to enforce the Note either individually or as trustee, and a declaration of Plaintiff's former and present obligations to U.S. Bank Trust Company, National Association, individually or as trustee.

## COUNT TWO
FAILURE TO REASONABLY INVESTIGATE AND REMEDY MISALLOCATIONS OF MORTGAGE PAYMENTS WHERE SUCH MISALLOCATIONS OFFEND THE PROVISIONS OF THE NOTE, IN VIOLATION OF  12 U.S.C. 2605(e), CAUSING ACTUAL DAMAGE TO PLAINTIFF

12.)  A Note and Mortgage, the Loan, was executed between Metropolitan Trust Company and Plaintiff on June 26, 2000.

13.)  The Note was subsequently negotiated to Countrywide Home Loans Inc., and thereafter endorsed in blank.

14.) The Loan was modified effective February 1, 2018, by Rushmore Loan Management Services LLC, the then-servicer of Plaintiff's loan, acting as agent for the owner of the Loan.

15.) On April 6, 2023, Nationstar Mortgage LLC purchased Rushmore Loan Management Services LLC, then servicing the Loan, including all mortgage servicing rights.

16.) On October 1, 2023, Rushmore Servicing, an Ohio registered fictitious name of Nationstar Mortgage LLC, since May 23, 2023, became the Servicer of Plaintiff's loan, working on behalf of the owner of the loan, Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1; on February 5, 2026, Nationstar Mortgage LLC merged out of existence in its merger with Rocket Mortgage LLC, which assumed the obligations of Nationstar Mortgage LLC; Nationstar Mortgage LLC also assigned in Ohio the fictitious name Rushmore Servicing to Rocket Mortgage LLC, on February 5, 2026.

17.) Rushmore Servicing represents that the present owner of the Loan is U.S. Bank Trust Company, National Association as Trustee for GS Mortgage-Backed Securities Trust 2020-RPL1.

18.) As servicer of the account Rushmore Servicing is responsible for maintaining an accurate account of payments owed by Plaintiff under the governing loan documents to Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, and payments made by Plaintiff to Defendant Rushmore Servicing acting on behalf of U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, until the accounts indicate the fulfillment of Plaintiff's obligations under those governing loan documents.

19.) In December, 2021, Plaintiff was obligated to make a regular monthly payment of $1,155.00 and provided a check for that amount on December 3, 2021.

20.) Plaintiff's payor bank found fault with the check and paid only $1,055 to the servicer, a sum short of the full monthly payment by $98.08.

21.)   The servicer in December, 2021 was Rushmore Loan Management Services LLC, prior to its purchase by Defendant Nationstar Mortgage dba Rushmore Servicing, which on September 1, 2023 explained its policy where there is a partial payment: "When a payment less than the required payment amount is received Rushmore places it in the loan suspense account to allow time for additional funds to arrive. Once a complete payment accumulates in suspense, Rushmore removes it and applies the next payment contractually due."

22.) Thereafter Plaintiff made a series of overpayments in January, February and March of 2022, sufficient to remedy the December, 2021 deficiency by March 31, 2022 if the money paid into the suspense account was drawn out in full monthly payments to pay mortgage charges.

23.) Servicer Rushmore Loan Management Services however did not apply the money paid into the suspense account to the mortgage payments when it applied $1,073.84 from the suspense account into the escrow account on January 19, 2022.

24.) The governing documents provision for funding the escrow account is set forth in the Mortgage at Paragraph 2 of the Uniform Covenants, which makes no provision for such an irregular transfer, even in the case of an escrow deficiency.

25.) There was no escrow deficiency on January 19, 2022: Rushmore Loan Management Services' transfer of suspense account funds that were dedicated solely to mortgage payments into the escrow fund was wholly unnecessary and resulted in a refund to Plaintiff in September, 2022, for being in excess of the amount permitted by law, which allows only a maximum of a two month reserve escrow payment in excess of anticipated payments re-calculated each year.

26.) As a result of this misapplication of payments under the terms of the Mortgage, the initial arrearage of $98.08 of December, 2012 continued to affect the account balance until 30 months later when Plaintiff was compelled to make a special payment of $1230.42 on June 11, 2024 to Defendant servicer Rushmore Servicing.

27.) Plaintiff recently raised this error in the accounting with Defendant Rushmore Servicing by serving a qualified written request, received by Defendant Rushmore Servicing on December 12, 2025, and thereafter acknowledged as received, wherein the matters set forth in the preceding Count Two Paragraphs were set forth with specificity, and requesting the account be amended to reflect an overpayment of $1,230.42.

28.) Under 12 U.S.C. 2605(e), Defendant Rushmore Servicing was under obligation to provide a written explanation or clarification, a statement of the reasons for which the server believes the account of the borrower is correct as determined by the servicer, or alternatively provide a written explanation or clarification of why information requested is unreasonable or cannot be determined by the servicer.

29.) On January 26, 2026, Defendant Rushmore Servicing responded to the notice of error regarding the misapplication of suspense account funds to the escrow reserve in violation of Paragraph 2 of the Mortgage, and in contradiction to the written statement provided Plaintiff by the servicer as to application of suspense account funds, that "after completing a reasonable investigation into the issues" "we cannot provide definitive information regarding RLMS's specific policies and procedures for applying suspense funds when loan is in current status, as these transactions occurred during their servicing period."

30.) A reasonable investigation required review of the governing documents cited by Plaintiff, the Mortgage at Paragraph 2 of the Uniform Covenants, in Defendant's possession, and the correspondence of the prior servicer with Plaintiff, setting forth the servicer's suspense account practices in the standard Notice of Servicing Change and Welcome documents, documentary

information also in Defendant Rushmore Services possession by purchase of Rushmore Loan Management Services LLC, in addition to documents that are necessarily part of the account and are transferred from servicer to servicer, and knowledge available also where a substantial portion of successor Defendant Rushmore Servicing's top and middle management claimed at least five years experience with Rushmore Loan Management Services LLC.

31.) Defendant also failed to make reasonable investigation of misapplication of penalty charges, cited below at Count Three, or to provide information regarding charges under the Lender Paid Expense Summary, or the Informational Statement, of August 2, 2024, cited below at Count Four.

32.) Wherefore, per 12 U.S.C. 2605(f), Plaintiff seeks from Defendant Rocket Mortgage LLC dba Rushmore Servicing and as successor by merger to Nationstar Mortgage LLC, previously dba Rushmore Servicing, actual damages of $1,230.42, additional damages of less than $1,000 where there is a pattern or practice of non-compliance, and costs and reasonable attorney fees.

## COUNT THREE

FAILURE TO REASONABLY INVESTIGATE AND REMEDY LATE FEE CHARGES WHICH BREACH THE TERMS OF THE NOTE BY MISALLOCATING PRINCIPAL PAYMENTS TO IMPROPER AND/OR FORBIDDEN LATE CHARGES, IN VIOLATION OF 12 U.S.C. 2605(e), CAUSING ACTUAL DAMAGE TO PLAINTIFF

33.) A Note and Mortgage, the Loan was executed between Metropolitan Trust Company and Plaintiff on June 26, 2000.

34.) The Note was subsequently negotiated to Countrywide Home Loans Inc., and thereafter endorsed in blank.

35.) The Loan was modified effective February 1, 2018, by Rushmore Loan Management Services LLC, the then-servicer of Plaintiff's loan, acting as agent for the owner of the Loan.

36.) On April 6, 2023, Defendant Nationstar Mortgage LLC purchased Rushmore Loan Management Services LLC, including all its mortgage servicing rights.

37.) On October 1, 2023, Defendant Rushmore Servicing, an Ohio registered fictitious name of Nationstar Mortgage LLC, since May 23, 2023, became the Servicer of Plaintiff's loan, working on behalf of the owner of the Loan Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage-Backed Securities Trust 2020-RPL1; on February 5, 2026, Nationstar Mortgage LLC merged out of existence in its merger with Rocket Mortgage LLC, which assumed the obligations of Nationstar Mortgage LLC; Nationstar Mortgage LLC also assigned in Ohio the fictitious name Rushmore Servicing to Rocket Mortgage LLC on February 5, 2026.

38) On November 25, 2025, Rushmore Servicing represented that the present owner of the Loan is U.S. Bank Trust Company, National Association as Trustee for GS Mortgage-Backed Securities Trust 2020-RPL1.

39.)  As servicer of the account Defendant Rushmore Servicing is responsible for maintaining an accurate account of payments owed by Plaintiff under the governing loan document to Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, and payments made by Plaintiff to Defendant Rushmore Servicing acting on behalf of U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, until the accounts indicate the fulfillment of Plaintiff's obligations under those governing loan documents.

40.)  In December, 2021, Plaintiff was obligated to make a regular monthly payment of $1,155.00, and provided a check for that amount on December 3, 2021.

41.)  Plaintiff's payor bank found fault with the check and paid only $1,055 to the servicer, a sum short of full payment by $98.08.

42.)  Thereafter Plaintiff was deemed to be late in payments until June, 2024.

43.)     The servicer at that time was Rushmore Loan Management Services LLC, prior to its purchase by Defendant Nationstar.  Upon becoming the servicer, Rushmore Loan Management Services notified Plaintiff in writing on September 1, 2023 of its policy where there is a partial payment: "When a payment less than the required payment amount is received Rushmore places it in the loan suspense account to allow time for additional funds to arrive. Once a complete payment accumulates in suspense, Rushmore removes it and applies the next payment contractually due."

44.) Thereafter Plaintiff made a series of overpayments in January, February and March of 2022, sufficient to remedy the deficiency by March 31, 2022 if the money paid into the suspense account was drawn out in full monthly payments and applied to the mortgage payments then due.

45.)  Servicer Rushmore Loan Management Services did not apply the money paid into the suspense account to the mortgage payments; instead it applied $1,073.84  from the suspense account into the escrow account on January 19, 2022.

46.) The governing loan documents provision for funding the escrow account is set forth in the the Mortgage at Paragraph 2 of the Uniform Covenants, which makes no provision for such an irregular transfer, even in the case of an escrow deficiency.

47.)  There was no escrow deficiency on January 19, 2022: Rushmore Loan Management Services' transfer of suspense account funds dedicated solely to mortgage payments into the

escrow fund was unnecessary and resulted in a refund to Plaintiff in September, 2022, for being in excess of the amount permitted by federal law, which allows only a maximum of a two month reserve escrow payment in excess of anticipated payments as re-calculated each year.

48.) As a result of this misapplication of payments by Rushmore Loan Management Services under the terms of the Mortgage, the initial arrearage of $98.08 of December, 2021 continued to affect the account balance, indicating Plaintiff was late each month until 30 months later Plaintiff was compelled to make a special payment of $1230.42 on June 11, 2024.

(49.) Late fee charges were assessed and collected from Plaintiff by then-servicer Rushmore Loan Management Services LLC in the amount of $15 each. These $15 fees were assessed on the following dates:
in 2021: 12/16;
in 2022: 1/18, 2/16, 3/22, 4/22, 5/22, 6/22, 7/22, 8/22, 9/16, 10/22, 11/22, 12/22;
in 2023: 1/17, 2/23, 3/23, 4/23, 5/23, 6/23, 7/23;
    These 20 assessments total $300,
    These assessments were paid as follows:
in 2022: 1/19, $30; 4/27, $45; 5/31, $15; 6/27, $15; 8/26, $30; 11/28, $45; 12/31, $15
In 2023: 1/30, $15; 4/28, $45; 5/31, $15; 8/28, $30.
    These payments total $300.

(50.) On 10/1/2023 a new servicer Rushmore Servicing took over and on 10/6/2023 assessed a late fee of $4; late fees of $19 on 10/16/2023 and $11.99 on 12/18/2023 were recorded as waived;
in 2024 late fees were assessed: $11.32 on 1/16, $10.65 on 2/16, $9.97 on 3/19, $9.30 on 4/16, $6.12 on 5/16;
    these new-servicer late fees, 10/1/2023 to 5/16/2024, totaled $92.36, and were each individually recorded as paid on 6/11/2024; the total of all paid late charges to the two servicers was $407.36.

(51.) Per the Note, Paragraph 6(A), the late fee to be assessed is 5% of any unpaid amount, so there is no provision for a flat late fee of $15 where the initial deficiency was $98.08, which would have decreased thereafter to zero by March 31, 2022, but for the improper application of suspense account funds.

(52.) Plaintiff had previously declared bankruptcy, and received her discharge February 1, 2016, and termination on June 30, 2023.

53.) Defendant Rushmore Servicing wrote to Plaintiff on September 30, 2025 , stating"[D]uring active bankruptcy, late fees are waived."

54.) Plaintiff recently raised this error of late fees in the accounting with Defendant Rushmore Servicing by serving a qualified written request, received by Defendant Rushmore Servicing on

December 12, 2025, and thereafter acknowledged, wherein the matters set forth in the preceding Count Three Paragraphs relevant to late fee charges were set forth with specificity, and requested the account be amended to reflect an overpayment.

55.)  Under 12 U.S.C. 2605(e), Defendant Rushmore Servicing was under obligation to provide a written explanation or clarification, a statement of the reasons why the server believes the account of the borrower is correct as determined by the servicer, or alternatively provide a written explanation or clarification of why information requested is unreasonable or cannot be determined by the servicer.

56.)  Defendant Rushmore Servicing did not directly address their own admission that during active bankruptcy, late fees are waived, but Defendant Rushmore Servicing mis-stated "A Chapter 7 bankruptcy petition was filed on May 16, 2016 and subsequently discharged on August 24, 2016, and formally closed on June 5, 2017."

57.)  The federal record of the bankruptcy petition states the bankruptcy was closed on June 30, 2023, a time after most of the late fees were assessed.

58.). Defendant Rushmore Servicing previously admitted in writing to Plaintiff by letter dated October 17, 2025, that the bankruptcy closed on June 30, 2023 and the bankruptcy code was removed from the account as of October 16, 2025.

59.) Defendant Rushmore Servicing failed to conduct a reasonable inquiry whether late charges were improperly charged during bankruptcy.

60.) Defendant Rushmore Servicing responded to Plaintiff's qualified written request, citing the Note provision for a 5% late fee only on unpaid amounts at Paragraph 6(A), with the statement that "Our application of additional funds to outstanding late fees and lender-paid expenses is in full compliance with the governing loan documents"  and that this response was made "after completing  a reasonable investigation into the issue[ ]" and that "Accordingly, we must respectfully decline the request to refund $801.13 to the borrower."

61.) A reasonable investigation would have specifically cited the provision in the governing loan documents in the same manner as Plaintiff's specific citation to the Note's provision for 5% late fees, rather than making a purely conclusory assertion that the flat rate late fees are "in full compliance with the governing loan documents."

62.). A reasonable investigation of the late fee notice of error would have explained why most late fee charges were for $15, but other charges were for smaller to-the-penny amounts of $11.99,  $11.32, $10.65, $9.97, $9.30 and $6.12, as pointed out in Plaintiff's qualified written request.

63.) A reasonable investigation and response would have noted the amount sought for mis-applied late fee funds was less than $801.13.

64.). Defendant Rushmore Servicing did not provide a written explanation or clarification, or a statement of the reasons why the servicer believes the account of the borrower is correct as determined by the servicer, regarding late fees challenged by Plaintiff.

65.) Defendant also failed to make reasonable investigation of misapplication of mortgage payments to the escrow fund, cited above at Count Two, or to provide information regarding charges under the Lender Paid Expense Summary, or the Informational Statement, of August 2, 2024, cited below, or to explain the failure to apply payments to principal as cited below.

66.)  Wherefore, per 12 U.S.C. 2605(f),  Plaintiff seeks from Defendant Rocket Mortgage LLC dba Rushmore Servicing and as successor by merger to Nationstar Mortgage LLC, previously dba Rushmore Servicing, actual damages of  $407.36, additional damages of less than $1,000 where there is a pattern or practice of non-compliance, and costs and reasonable attorney fees.

## COUNT FOUR

FAILURE TO REASONABLY INVESTIGATE AND REMEDY MIS-ALLOCATION OF PRINCIPAL PAYMENTS TO PAY UNSUBSTANTIATED AND/OR FICTIONAL SERVICING EXPENSES WHICH OFFEND THE PROVISIONS OF THE MORTGAGE, IN VIOLATION OF  12 U.S.C. 2605(e), CAUSING ACTUAL DAMAGE TO PLAINTIFF

67.)  A Note and Mortgage, the Loan, was executed between Metropolitan Trust Company and Plaintiff on June 26, 2000.

68.)  The Note was subsequently negotiated to Countrywide Home Loans Inc., and thereafter endorsed in blank.

69.) The Loan was modified effective February 1, 2018, by Rushmore Loan Management Services LLC, the then-servicer of Plaintiff's loan, acting as agent for the owner of the Loan.

70.)  On April 6, 2023, Defendant Nationstar Mortgage LLC purchased Rushmore Loan Management Services LLC, including all its mortgage servicing rights.

71.) On October 1, 2023, Defendant Rushmore Servicing, an Ohio registered fictitious name of Nationstar Mortgage LLC,  since May 23, 2023,  became the Servicer of Plaintiff's loan, working on behalf of the owner of the loan, Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1;  on February 5, 2026, Nationstar Mortgage LLC  merged out of existence in its merger with Rocket Mortgage LLC, which assumed the obligations of Nationstar Mortgage LLC; Nationstar

Mortgage LLC also assigned in Ohio the fictitious name Rushmore Servicing to Rocket Mortgage LLC, on February 5, 2026.

72.) Defendant Rushmore Servicing represents that the present owner of the Loan is U.S. Bank Trust Company, National Association as Trustee for GS Mortgage-Backed Securities Trust 2020-RPL1.

73.) As servicer of the account Defendant Rushmore Servicing is responsible for maintaining an accurate account of payments owed by Plaintiff under the governing loan document to Defendant U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, and payments made by Plaintiff to Defendant Rushmore Servicing acting on behalf of U.S. Bank Trust Company, National Association, as Delaware Trustee of GS Mortgage -Backed Securities Trust 2020-RPL1, until the accounts indicate the fulfillment of Plaintiff's obligations under those governing loan documents

74.). Amounts Plaintiff had in writing designated for pre-payments on Loan principal were no longer being applied to principal after Defendant Rushmore Servicing replaced the former servicer, the pre-payments instead being credited as payments on "Servicing Expenses": 7/2/24, $19.58;  8/1//24, $19.58 9/4/24, $19.58; 10/7/24, $20.00; 11/4/24, $19.58; 12/5/24, $19.58; 1/2/25, $19.58; 2/3/25, $19.58; 3/3/25, $19.58; 3/31/25, $4.36; 3/31/25, $4.00; 5/2/25, $51.61; 6/3/25, $51.61; 7/1/25, $51.61; 8/4/25, $51.61; $/2/25, $51.61; 10/3/25, $51.61;11/3/25, $51.61; totaling $546.27 in Servicing Expenses paid.

75.) Plaintiff therefore in the qualified written request, received by Defendant Rushmore Servicing December 16, 2025, requested of Defendant Rushmore Servicing  " **Finally, Borrower inquires the details of the LENDER PAID EXPENSE SUMMARY of the INFORMATIONAL STATEMENT of 8/2/2024.** The Summary indicated $2163.93 in lender paid expenses for Property Inspections, Prior Lender Expenses, Broker Price Opinion and Legal Fees. These sound like settlement expenses, possibly from the 2/1/2018 Loan Modification Agreement.  Please reply with specificity.  Reply by e-mail preferred. **Also please itemize the pay-off amount of $1,728.82 for Lender Paid Expenses.** In the 9/29/25 Payoff Quote. Response by e-mail is preferred." [emphasis in original].

76.) Per 12 U.S.C. 2605(e), Defendant Rushmore Servicing was under obligation to provide a written explanation or clarification, a statement of the reasons why the server believes the account of the borrower is correct as determined by the servicer, or alternatively provide a written explanation or clarification of why information requested is unreasonable or cannot be determined by the servicer.

77.)  Defendant Rushmore Servicing's response to the request for "**details of the LENDER PAID EXPENSE SUMMARY of the INFORMATIONAL STATEMENT of 8/2/2024" ,** sub-titled **Lender-Paid Expenses Reconciliation**, in the Response merely repeated verbatim the verbiage of the August 2, 2024, Informational Statement, adding prices but not offering

explanations : " **August 2, 2024 Informational Statement:** Property Inspections: 215.50;Broker Price Opinion:$90.00; Legal Fees: $141.84; Prior Lender-Paid Expenses: $1,716.59; **Total; $2,163.93"** while the response to the Payoff Statement was similarly a repetition of the query: " **September 29, 2025 Payoff Statement:** Property Inspections: $710.50: Prior Lender-Paid Expenses: $567.59; Broker Price Opinion: $90.00; Appraisals: $360.73."

78.). Repeating the verbiage which Plaintiff asked to be "detailed" i.e., explained, is not a reasonable investigation into the issue, providing no information as to: what Property Inspections, conducted when, for what purpose and under what provision of the governing documents; what Broker Price Opinion, conducted when and for what purpose and under what provision of the governing documents, what Legal Fees, for work conducted when and for what purpose and under which clause of the governing documents; and what the Prior Lender-Paid Expenses were, when first billed, for what services, conducted when and for what purposes, and under which provision of the governing loan documents

79.) The Defendant Rushmore Servicing's Response was not pursuant to a reasonable investigation into the issue where the response did not address the Plaintiff's observation that the charges "seem like settlement expenses", where Plaintiff was previously charged for similar services in the 2018 Loan Modification, those charges becoming part of the new, significantly higher, principal amount, after which those fees never appeared in any monthly itemization by the prior loan servicer Rushmore Loan Management Services LLC except for the item Recoverable Advances of $250, reported monthly from February, 2018, through September, 2023, only after which Lender Paid Expenses were noted for the first time as owed by Plaintiff by the new servicer, Defendant Rushmore Servicing.

80.) The Defendant Rushmore Servicing's Response of January 26, 2026, was supplemented by a later mailing of a repetition of the Response attended by provision of un-described and un-referred to documents, received by Plaintiff on February 3, 2026.

81.). Among these otherwise un-referred to documents was a 17 page provision of certain loan Transactions of a "Type:" un-described for the period September 17, 2023 and January 2, 2026, bearing the Defendant's Rushmore Servicing name and logo, hereafter the "*Transaction Activity 09/17/2023 thru 01/02/2026 document*", which covered the period wherein Rushmore Loan Management Services LLC transferred the Loan accounting to Defendant Rushmore Servicing.

82.) Transaction 10 of the *Transaction Activity 09/17/2023 thru 01/02/2026* document noted a New Loan Set-up dated October 6, 2023 and a principal balance of $113,667.65.

83.) There was no new loan in 2023: the last Loan Modification of the year 2000 Loan was effective February 1, 2018, with a principal balance of $120,359.57.

84.) Transaction 16 of October 6, 2023, of the *Transaction Activity 09/17/2023 thru 01/02/2026* document noted a Lender Paid Adjustment credit of $5,290.17 with a Partial Payment Unapplied

of 5,290.17, followed on the same date with Transaction 17 showing a Lender Paid ExpenseAdjustment credit of $630.00 and a Partial Payment Unapplied of the same amount, followed by Transaction 18 of the same date noting a Lender Paid Expense Adjustment credit of $263.41 and a Partial Payment Unapplied of  the same amount:  a total of $6,183.58 in credits of unknown origin; and these credits were followed on the same day with Lender Paid Expense debit Transactions 19-41 of $1.50, $1.50, $2.50, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $15.00, $90.00, $135.00, $181.00 $250.00, $1980.00, and $3,582.08: a total of $6,433.58 in debits, being a balance of $150 owed on Lender Paid Expenses.

85.)  None of the Transactions of the preceding paragraph of the Complaint indicate what the Lender Paid Expense Adjustment transactions were credits or debits for, when the debits accrued, for what, and where in the governing loan documents the debits were authorized.

86.)  The *Transaction Activity 09/17/2023 thru 01/02/2026* document notes does not note any other Lender Paid Expense debit transactions in year 2023 following those debits of October 6, 2023.

87.) The Mortgage Statement provided by the prior servicer Rushmore Loan Management Services dated July 11, 2023 noted only $250.00 of Recoverable Advances as an amount owing separate from the mortgage payment for principal, interest and escrow.

88.) Rushmore Servicing's *Transaction Activity 09/17/2023 thru 01/02/2026* document showed a balance owing of only $150 for Lender Paid Expenses as of October 6, 2023.

89.)  The Informational Statement  of Rushmore Servicing dated 12/19/23 stated a total of $2,203.09 was owed for Lender Paid Expenses in four categories.

90.) A reasonable investigation of Plaintiff's request for details of the bases for the Lender Paid Expense Summary would have addressed the unexplained discrepancy between Defendant Rushmore Servicing's *Transaction Activity 09/17/2023 thru 01/02/2026* document showing a debit balance of $150 for Lender Paid Expenses on October 6, 2023 and its 12/19/23 Informational Statement balance of $2,203.09, the September 29, 2025 Payoff Statement amount of $1,728.82, and the January 5, 2026 Informational Statement of $1,625.60, and explained with specificity of time and name the services billed for and the provisions of the governing loan documents authorizing the service and charges.

91.) A reasonable investigation of the issue would have addressed Paragraph 7 of the Mortgage which sets forth the provisions of allowable lender paid expenses and how the expenses are collected by the servicer.

92.) Defendant also failed to make reasonable investigation of mis-application of mortgage payments to the escrow fund, cited above at Count Two, or reasonable investigation of the late charges, cited at Count Three.

93.) Plaintiff has been charged for expenses that the servicer has failed to substantiate upon request as to what service was provided and charged, when that service was provided and by whom and under what provision of the governing documents the services are chargeable.

94.) Plaintiff continues to be charged for expenses the servicer has not supported "after a reasonable investigation" following a qualified written request.

95.) Wherefore, per 12 U.S.C. 2605(f), Plaintiff seeks from Defendant Rocket Mortgage LLC dba Rushmore Servicing and as successor by merger to Nationstar Mortgage LLC, previously dba Rushmore Servicing, actual damages of $546.27; all interest charged upon the stated amount of servicing charges (aka lender paid expenses) at all times per the Mortgage, Paragraph 7; correction of the amount owed for Lender Paid Expenses to the amount due October 3, 2023, being $150.00; additional damages of less than $1,000 where there is a pattern or practice of non-compliance; plus costs and reasonable attorney fees.

## COUNT FIVE

ALTERNATIVE TO COUNT ONE, DEFENDANT U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS TRUSTEE FOR GS MORTGAGE-BACKED SECURITIES TRUST 2020 RPL1 AS SUCCESSOR IN INTEREST TO A CONTRACT BETWEEN METROPOLITAN BANK AND TRUST CO. AND PLAINTIFF BREACHED THE TERMS OF THE CONTRACT TO THE FINANCIAL HARM OF PLAINTIFF

96.) Plaintiff Yolanda Andolsek executed a Note in favor of Metropolitan Bank and Trust Co. on June 26, 2000, to finance the purchase of an Ohio residence, simultaneously executing a Mortgage to the benefit of Metropolitan Bank and Trust Co., and this Loan was modified by a writing effective February 1, 2018, these three documents comprising the governing documents of the Loan, and the Loan was purchased by Defendant U.S. Bank Trust Company, National Association as Trustee for GS Mortgage-Backed Securities Trust 2020 RPL1.

97.) The Note required monthly payments from Plaintiff to Defendant, whose agents for servicing the Loan were the loan servers Rushmore Loan Management Services LLC and Rushmore Servicing.

98.) Plaintiff paid only a portion of the payment due Defendant in December, 2021.

99.) Thereafter in January, 2022, the proceeds of a monthly payment was diverted by then-servicer Rushmore Loan Management Services from payment of the Loan, in violation of the terms of the governing documents.

100.) Because of the diversion of the monthly monthly payment, Plaintiff was required to make an extraordinary payment of $1,230.42 on June 11, 2024 to then-servicer Rushmore Servicing.

101.) Because of the diversion of payment by Defendant's agent Rushmore Loan Management Services LLC, acting in the course of its responsibilities, causing late crediting of fees already collected, late fees were improperly charged and collected by both agents, Rushmore Loan Management Services LLC and Rushmore Servicing after December 1, 2021.

102.) All the late fees were improper because of Plaintiff's active bankruptcy.

103.) Most late fees were also improper in amount under the terms of the governing documents.

104.) Defendant's agent Rushmore Servicing billed Plaintiff fees for Servicing Expenses.

105.). Upon Plaintiff demand, Defendant's agent Rushmore Servicing did not explain the sudden creation of these fees in October, 2023 so that the Servicing Expenses are unsubstantiated.

106.) Under the terms of the Note Plaintiff had a right to prepay designated amounts of principal.

107.) The Servicing Expenses were improper as not authorized by the governing documents.

108.) Defendant's agent Rushmore Servicing, against the terms of the governing documents, diverted these prepayments to payments upon the unsubstantiated and unauthorized Servicing Expenses.

109.) Wherefore Plaintiff seeks actual damages of $2,185.05, adjustment of the accounting of the Loan to eliminate remaining Servicing Charges and adjustment of the accounting of the Loan to remove any interest due on Servicing Charges balances.


Respectfully submitted,

/s/ John Wood
John Wood, Esq., Ohio 0059129
12614 Britton Drive
Cleveland, Ohio 44120
216 673 4122
kayakmanjd@hotmail.com